## 18296. GOLDEN *v.* EASTERLING & SONS.

1. Section 3296 of the Civil Code (1910.), requiring the justice of the peace, or notary public, with whom an affidavit and mortgage are filed in a proceeding to foreclose a chattel mortgage, "to give notice to the mortgagor of said proceedings at the time of issuing execution," is applicable to justice courts, and not to superior courts; and in the case at bar the trial court correctly overruled the motion to dismiss the levy based upon said code section.

2. The verdict is supported by the evidence.

             DECIDED JULY 26, 1927.

Mortgage foreclosure; from Liberty superior court—Judge Daniel. May 14, 1927.

*Edwin A. Cohen,* for plaintiff in error.

*W. F. Slater, O. C. Darsey,* contra.

LUKE, J. Ed Golden gave his note for $170 principal to J. M. Easterling & Sons. The note stipulated for interest from date at 8 per cent. per annum, and was dated January 9, 1925, and it was secured by chattel mortgage of the same date. A part of the consideration of the mortgage was the right of Golden to have all the wood and logs which had been cut, and which should thereafter

---

Chattel Mortgages, 11 C. J. p. 705, n. 54; p. 725, n. 45.

be cut by the plaintiffs on a certain right of way. The mortgage was foreclosed in the superior court of Liberty county, and the fi. fa. was levied on designated personalty. The defendant moved to dismiss the levy because "the notice prescribed by section 3296, Civil Code (1910) of Georgia, was not given." The judgment was: "The above motion to dismiss is hereby overruled. It is admitted that notice of levy was not given." Exceptions pendente lite were taken to this judgment. The defendant filed his defense, evidence was introduced by both . sides, and the jury found a verdict for the plaintiffs.

1. Was the motion to dismiss good? Section 3296 of the Civil Code (1910) reads: "It shall be the duty of the justice of the peace, or notary public, with whom the affidavit and mortgage are filed, to give notice to the mortgagor of said proceedings at the time of issuing execution." This section is grouped in the code with other sections concerning procedure in justice's courts; nor is there any such requirement as it contains as to notice in section 3286 of the same code, which controls chattel-mortgage foreclosures generally. However, the origin of section 3296 settles the issue adversely to the contention of the plaintiff in error. It is taken directly from section 2 of the act approved September 29, 1881 (Acts 1880-1, p. 126). By its terms this act applies strictly to justice's courts. Clearly it has no· application to foreclosures in superior courts; and of course the judge correctly overruled the motion to dismiss.

2. Whether or not the verdict and judgment were excessive depends entirely upon the testimony of Earl H. Easterling, one of the plaintiffs. He swore that the plaintiffs took twelve cords of wood off the right of way and burned it, and that it was worth $3 per cord, or a total of $36. He testified also that the plaintiffs subsequently took six cords of wood from the right of way, and that it was worth $3 per cord, or a total of $18. Of course, the total worth of the wood for which the defendant should have had credit was $54. By deducting this last sum from the $170 sought to be recovered we get $116, the precise amount of principal stated in the verdict. No question is made as to the interest allowed, and, indeed, it is as well that there· was not, since it appears that it was under-figured. The plaintiff in error contends that the verdict was excessive, because at the very end of

his testimony the witness swore: "The value of the wood taken by us was $55." There is, of course, a discrepancy of just $1 in. the testimony of this witness. However, we think that the jury had the right to conclude, as they evidently did, that they should deduct from the sum sought to be recovered the correct total of $36 and $18, or $54, rather than $55, the result of an erroneous calculation of the witness. The evidence sustains the verdict, which was not excessive, and the court correctly overruled the motion for a new trial, which was based upon the general grounds only.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*